IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

JEROME "JERRY" PATE, A Florida
resident; and ONE JP, INC., a foreign
corporation                                                                                    PLAINTIFFS

V.                                       4:05CV1311JMM

CENTRAL FLYING SERVICE, INC.
An Arkansas corporation; and
BILL WOODS, an Arkansas resident                                        DEFENDANTS

### ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Pending is the Defendants' Motion for Summary Judgment of all of Plaintiffs Jerome "Jerry" Pate and One JP, Inc.'s (hereinafter referred to as Plaintiff) claims. Plaintiff has responded. The parties have presented their arguments at a hearing before the Court on November 20, 2006. For the reasons set forth below, the Motion is GRANTED in part and DENIED in part.

#### Standard for Summary Judgment

Summary judgment is appropriate only when there is no genuine issue of material fact, so that the dispute may be decided solely on legal grounds. *Holloway v. Lockhart*, 813 F.2d 874 (8th Cir. 1987); Fed. R. Civ. P. 56. The Supreme Court has established guidelines to assist trial courts in determining whether this standard has been met:

> The inquiry is the threshold inquiry of determining whether there is a need for trial -- whether, in other words, there are genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

The Eighth Circuit Court of Appeals has cautioned that summary judgment should be

invoked carefully so that no person will be improperly deprived of a trial of disputed factual issues. *Inland Oil & Transport Co. v. United States*, 600 F.2d 725 (8th Cir. 1979), *cert. denied*, 444 U.S. 991 (1979). The Eighth Circuit set out the burden of the parties in connection with a summary judgment motion in *Counts v. M.K. Ferguson Co.*, 862 F.2d 1338 (8th Cir. 1988):

> [T]he burden on the moving party for summary judgment is only to demonstrate, *i.e.*, '[to] point out to the District Court,' that the record does not disclose a genuine dispute on a material fact. It is enough for the movant to bring up the fact that the record does not contain such an issue and to identify that part of the record which bears out his assertion. Once this is done, his burden is discharged, and, if the record in fact bears out the claim that no genuine dispute exists on any material fact, it is then the respondent's burden to set forth affirmative evidence, specific facts, showing that there is a genuine dispute on that issue. If the respondent fails to carry that burden, summary judgment should be granted.

*Id.* at 1339. (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-274 (8th Cir. 1988) (citations omitted)(brackets in original)). Only disputes over facts that may affect the outcome of the suit under governing law will properly preclude the entry of summary judgment. *Anderson*, 477 U.S. at 248.

### Discussion of the Law

In the Complaint, Plaintiff seeks damages for fraudulent concealment, breach of an agency contract, and common law fraud. For the reasons set forth during the hearing, the Court finds that the only viable claim against the Defendants is fraud.[1] Defendants argue, however, that the statute of limitations bars Plaintiff's fraud claim. Plaintiff contends that the statute of

---

[1] There is no separate cause of action for fraudulent concealment under Arkansas law. *See generally* AMI Civil 4th, Intentional Torts, § 402. Fraudulent concealment is a necessary element when a party is attempting to prove that a statute of limitations should be tolled. Further, the Court finds that the agency agreement between the Plaintiff and the Defendants had expired prior to the alleged breach in January 2002.

limitations was tolled by the Defendants' fraudulent concealment of the facts and that Plaintiff actually discovered the fraud on April 29, 2003 when Pate was contacted by the actual purchaser of his airplane.

It is undisputed that a three year statute of limitations applies to Plaintiff's fraud allegation.  *See* Ark. Code Ann. § 16-56-105.  Under Arkansas law, the statute of limitations begins to run, in the absence of fraudulent concealment, when the fraud occurs, not when the fraud is discovered.  *Varner v. Peterson Farms,* 371 F.3d 1011, 1016 (8th Cir. 2004).  The Eighth Circuit has explained:

> In order to toll the statute of limitations, there must be a fact question of some positive act of fraud, something so furtively planned and secretly executed as to keep the plaintiff's cause of action concealed, or perpetrated in a way that it conceals itself. Where affirmative acts of concealment by the person charged with fraud prevent the discovery of that person's misrepresentations, the statute of limitations will be tolled until the fraud is discovered or should have been discovered with the exercise of reasonable diligence. . . . Concealment of facts, no matter how fraudulent or otherwise wrongful, has no effect on the running of a statute of limitations if the plaintiffs could have discovered the fraud or sufficient other facts on which to bring their lawsuit, through a reasonable effort on their part.

*Id.* at 1017 (internal citations omitted).

After a thorough review of the record, the relevant law, and the arguments of the parties, the Court finds that there remains a question of fact as to whether Plaintiff acted with reasonable diligence when put on notice of Defendants' allegedly fraudulent behavior in January 2002.  There is sufficient evidence in the record to find that Pate was on notice at the time of the sale of his plane to Defendant Central Flying Service.  However, there is a question of fact as to whether Pate acted with reasonable diligence to uncover the fraud under the circumstances of the case.

Accordingly, Defendants' Motion for Summary Judgment (Docket # 10) is GRANTED in part and DENIED in part.  The trial of this matter will begin on Tuesday, December 5, 2006.  The attorneys should be present in the courtroom at 8:15 a.m. and the trial will begin at 9:15 a.m.

As discussed during the hearing, the deadline for filing motions in limine, trial briefs, and jury instructions will be extended until Monday, November 27, 2006. The parties are reminded that the jury instructions should be agreed upon, to the extent possible, at this time.

    IT IS SO ORDERED this 21st day of November 2006.

                                                      James M. Moody
                                                      United States District Judge