IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

JEROME K. "JERRY" PATE, a Florida
resident; and ONE J.P., INC., a foreign corporation        PLAINTIFFS

V.                              NO. 4-05-CV-1311 JMM

CENTRAL FLYING SERVICES, INC.,
an Arkansas corporation; and BILL WOODS,
an Arkansas resident                                       DEFENDANTS

## ORDER GRANTING DEFENDANTS' MOTION FOR JUDGMENT AS A MATTER OF LAW

Pending is the Defendants' Motion for Judgment as a Matter of Law made during trial at the close of Plaintiffs' case. Plaintiffs responded to the motion at that time and the Court took the motion under advisement. For the reasons set forth at trial and the reasons set forth below, the Court finds that the motion should be GRANTED.

"Judgment as a matter of law is appropriate when 'a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for the party on that issue.'" Fed.R.Civ.P. 50(a). Defendants argue that in order to prove fraud Plaintiffs must have proven by a preponderance of the evidence that Bill Woods "knew" the representation he made to Jerry Pate was false. According to the evidence presented by the Plaintiffs at trial, the alleged fraudulent representation made by Woods to Pate was that Pate could only get $1,150,000.00 for his airplane. The Court agrees that there was no evidence presented to prove that Woods knew this to be a false statement when he made it to Pate.

Plaintiffs argued that Woods knew that Pate could obtain more than $1,150,000.00 for his airplane because Woods was aware that Mr. Lubell, the purported purchaser of the airplane, was paying more for the airplane than Pate was receiving. However, the evidence at trial revealed

only that Woods believed Lubell and his agent, Bill Ross, had negotiated a contract paying Ross a broker fee of $130,000 above the purchase price for the airplane.  Mr. Woods believed that Ross and Lubell were in agreement that Ross' fees would be included in the financed price.  There was no evidence that Woods believed Pate could obtain more money for the airplane from Lubell or any other potential purchaser.  Therefore, the Court finds that Woods did not have knowledge that his statement to Pate was untrue as required to prove fraud in Arkansas.

Further, under Arkansas law Woods' statement to Pate could not be the basis for a fraud action.  "In the context of negotiating a contract, a misrepresentation sufficient to form the basis of a deceit action may be made by one prospective party to another and must relate to a past event, or a present circumstance, but not a future event. 'An assertion limited to a future event may be a promise that imposes liability for breach of contract or a mere prediction that does not, but it is not a misrepresentation as to that event.'" *P.A.M. Transport, Inc. v. Arkansas Blue Cross and Blue Shield,* 868 S.W.2d 33 (Ark. 1993)(quoting 1 E. Allen Farnsworth, Farnsworth on Contracts § 4.11 (1990)).  Obviously, Woods' assertion that Pate could not get more than $1,150,000 for his airplane was a mere prediction, albeit a prediction made by someone with superior knowledge on the subject.  However, the party's superior knowledge of the industry does not convert the prediction to an intentional misrepresentation.

For these reasons, the motion for judgment as a matter of law is GRANTED.  Plaintiffs' Complaint is hereby dismissed with prejudice.  The Clerk is directed to close the case.  Pursuant to Rule 58(a)(1) of the Federal Rules of Civil Procedure this order is an order of final judgment.  *See* Fed. R. Civ. P. 58(b)(1).

IT IS SO ORDERED this 12th day of December 2006.

                                                                           _____
                                                                           James M. Moody
                                                                           United States District Judge